UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS NEWSOME, | ) | Case No.: 1:18 CV 2707 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant | ) | ORDER |

The Commissioner of Social Security Administration (the "Commissioner") denied disability benefits to Plaintiff Curtis Newsome ("Plaintiff" or "Newsome") in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Thomas M. Parker (the "Magistrate Judge" or "Judge Parker") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order vacating the Commissioner's decision and remanding the case on the grounds that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence and that the ALJ did not properly analyze Newsome's symptom complaints. (Pl.'s Br., ECF No. 12.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 15.)

Judge Parker submitted an R & R (ECF No. 17) on December 5, 2019, recommending that the court vacate the Commissioner's final decision and remand for further proceedings. Specifically, the Magistrate Judge found that the ALJ failed to apply proper legal standards in determining whether Plaintiff met a listed impairment (Listing 1.04) and in evaluating Plaintiff's subjective symptom allegations. (R & R at PageID #904, ECF No. 17.)

The Magistrate Judge emphasized that, although "[t]he record evidence raised at least a substantial question as to whether [the requirements of Listing 1.04] were met," the ALJ "only listed the requirements . . . and summarily stated that the evidence didn't meet the requirements." (*Id.* at PageID #919–20.) The Commissioner's Brief attempted to shore up the ALJ's finding by citing to specific evidence in the record. But as Judge Parker noted, "this court may not engage in post-hoc rationalizations." (*Id.* at PageID #920.) Given the conflicting evidence and the evidence potentially supporting a finding that Newsome's impairment met Listing 1.04, Judge Parker's R & R found that the ALJ's cursory analysis—especially the failure to mention evidence of "impingements on a 'root sleeve' in Newsome's back"—was insufficient. (*See id.*) Likewise, the R & R found that the ALJ did not adequately explain why the record evidence contradicted Plaintiff's subjective complaints. (*Id.* at PageID #921–24.) Judge Parker therefore found that the ALJ also failed to apply proper legal standards when discounting Newsome's assertions about the pain he experienced. Consequently, Judge Parker recommended vacating the Commissioner's final decision and remanding for further proceedings.

Objections to the Magistrate Judge's R & R were due by December 19, 2019, but neither Newsome nor the Commissioner submitted any. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Parker's Report and Recommendation (ECF No. 17). The court hereby vacates the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 6, 2020